IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19-CR-460 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| I'ZIAH CLARK, | ) | GOVERNMENT'S TRIAL BRIEF |
| JOSEPH KYLE SANDERS, | ) | |
| | ) | |
| Defendants. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Scott Zarzycki, Assistant United States Attorney, and hereby submits the following trial brief.

**I.  SUMMARY OF THE CASE AND OFFENSE**

I'ziah Clark and Joseph Kyle Sanders are charged in a multi-count indictment with aiding and abetting in Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2, and Using or Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

If this case proceeds to trial, the United States intends to offer evidence of the following:

On June 1, 2018 at approximately 4:55 p.m., a bank employee noticed a suspicious dark colored vehicle parked in the lot for an extended period of time.  Soon after the vehicle left, a lone gunman robbed the Citizens Bank at 690 Richmond Road, in Richmond Heights, Ohio.  The male aggressively entered the bank, pointed a gun at employees and threatened to shoot them in the head.  He gave them a black plastic bag for the money.  Once the bag was filled, he fled the

bank and ran through the parking lot of Firestone where a dye pack burst causing him to drop the bag.  The robber left the bag and fled in an unknown direction.  The bag was sent to BCI for prints and DNA.  The total amount stolen from the bank was $14,383.12

On September 28, 2018, law enforcement removed information that Joseph Kyle Sanders admitted to another individual that he had robbed the Citizens Bank.  On October 26, 2018, I'ziah Clark's palm print was found to be on the bag used in the robbery with the exploded dye pack.  On November 6, 2018, I'ziah Clark was questioned about the bank robbery.  He denied being a part the robbery but admitted to knowing a number of Rack gang members.  He told agents he and Joseph Kyle Sanders were close friends and saw each other almost daily.

On December 6, 2018, the Richmond Hts. Police reviewed the extraction report from Sanders' cell phone.  The report shows messages on June 1, 2018 from Sanders to "Zay" (later determined to be I'ziah Clark) asking where he is at and when he is coming to pick him up.  Sander's cell phone extractions also show internet searches regarding the Citizens Bank robbery after the crime occurred.

Cell phone records were obtained for the cell phone number associated with Joseph Kyle Sanders and I'ziah Clark.  Cell tower data shows both cell phones hitting off the cell site tower near the robbery for twenty minutes prior to the robbery.

Finally, in a recorded call on June 1, 2018, at approximately 9:30 p.m., a County Jail inmate asks I'ziah Clark what's going on with him.  Clark responds by saying "it went dz-own today."  On the same day, another inmate at County Jail called Sanders at approximately 4:00 pm, one hour before the robbery,  The inmate asks Sanders where he is at and Sanders replies, "I'm about to do my thing" and "I'm gonna have to call you back bro."  The following day, on June 2, 2018, the same inmate calls Sanders again.  The inmate talks to a male on Sander's

phone who tells him "Gotti (Sanders) was doing his thing, he was running, was about to score, and he fumbled."

## II. CONTROLLING LAW

### A. Armed Bank Robbery

The indictment charges Defendants I'ziah Clark and Joseph Kyle Sanders with one count of aiding and abetting Armed Bank Robbery. The relevant statutes for this offense is Title 18, United States Code, Sections 2113(a) and (d) and 2, which provide:

> Whoever, by force and violence, or by intimidation, takes or attempts to take, from the person or presence of another, or obtains or attempts to obtained by extortion any property, or money, or any other thing of value belonging to, or in the care custody, control, management, or possession of, any bank, credit union, or any savings and loan association.
>
> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device shall be fined under this title or imprisoned not more than twenty-five years or both.

To sustain its burden of proof for this crime, the United State must prove all the following elements beyond a reasonable doubt:

(1) That the defendants, aiding and abetting one another, took money from or in the presence of a teller while that money belonged to or was in the care, custody, control, management, or possession of Ohio Savings Bank.

(2) That the defendants, aiding and abetting one another, took money by force, violence or by intimidation.

(3) That the deposits of Citiezens Bank were then insured by the Federal Deposit Insurance Corporation.

Authority: Sixth Circuit Pattern Jury Instruction 2.02, and 4.01 (modified), 2019 Edition.

3

B.     Using or Carrying a Firearm During and in Relation to a Crime of Violence

The indictment charges Defendants I'ziah Clark and Joseph Kyle Sanders with one count of aiding and abetting Using or Carrying a Firearm During and in Relation to a Crime of Violence.  The relevant statutes for this offense is Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2, which provide:

> …[A]ny person who, during and in relation to any crime of violence or drug trafficking crime… for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime…
>
> If the firearm is brandished, be sentenced to a term of imprisonment of not less than seven years.

To sustain its burden of proof for this crime, the United State must prove all the following elements beyond a reasonable doubt:

(1)    That the defendants, aiding and abetting one another, committed the crime charged in Count 1, Armed Bank Robbery, a crime of violence which may be prosecuted in a court of the United States.

(2)    That the defendants, aiding and abetting one another, knowingly used or carried a firearm.

(3)    That the using or carrying of the firearm was during and in relation to the crime charged in Count 1.

(4)    that the defendants, aiding and abetting another, brandished the firearm

Sixth Circuit Pattern Criminal Jury Instructions, 2019 Edition, Sections 2.02, 4.01, 12.02, and 12.04 (modified)

4

### III. EVIDENTIARY ISSUES

#### A. AUDIO RECORDING AND TRANSCRIPTS

The United States intends to introduce an audio recording of the Defendants' interviews that were video and audio recorded, and government counsel has notified defense counsel of the same. Additionally, the government is preparing a transcript of portions of the audio that will play contemporaneously with the video. The government will immediately provide this transcript to defense counsel upon its completion. The government has submitted the relevant pattern jury instruction regarding recordings as an aid in receiving evidence.

#### B. STATEMENTS OF A CODEFENDANT CAN BE INTRODUCED WITHOUT SEPARATE TRIALS

Statements made by Sanders to another non law enforcement witness can be introduced in their joint trial. The statement does not in any way reference his co-defendant I'ziah Clark with any specificity as to directly incriminate him.

In Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court ruled that the Sixth Amendment's confrontation clause precluded the admission of a non-testifying co-defendant's co-implicating confession, because the devastating effect of that evidence would make it extremely difficult for a jury to obey the trial court's limiting instruction. Bruton problems may be avoided by redacting the statement to remove references to the defendant. Richardson v. Marsh, 481 U.S. 200 (1987); United States v. Cobleigh, 75 F.3d 242 (6th Cir. 1996) (redacted co-defendant's confession not barred by Bruton; as long as references to defendant are eliminated from the confession it is admissible even if it becomes incriminating when linked with other evidence.); United States v. Robinson, 872 F.3d 760 (6th Cir. 2017) (government complied with Bruton and Richardson by redacting the non-testifying codefendant's confession to eliminate any mention of defendant or his existence, even though jury might have been able to

link the defendant to the confession by connecting the dots.); United States v. Vasilakos, 508 F.3d 401, 407 (6th Cir. 2007) ("introduction of a declarant-codefendant's self-incriminating, extra-judicial statement, in a joint trial, where the defendant's name is redacted and a neutral term is substituted, avoids any Sixth Amendment or Bruton violation."); United States v. Sherlin, 67 F.3d 1208 (6th Cir. 1995).

No Bruton problem exists where a statement does not incriminate a defendant directly, but rather it incriminates a defendant when combined with other evidence. See United States v. DiCarlantonio, 870 F.2d 1058 (6th Cir. 1989) (incrimination of defendant by statement in combination with other evidence not a violation.). Indeed, Bruton does not bar the use of a redacted codefendant's confession just because the codefendant's statement becomes incriminating when linked with other evidence adduced at trial. "Any conclusion by the jury that [the] statement implicated [the defendant] might be made only by linking the statement to other evidence. Introduction of the statement did not, therefore, violate the Bruton rule." United States v. Ford, 761 F.3d 641, 654 (6th Cir. 2014). There is no Bruton violation where there are no signs of obvious alteration, the confession "standing by itself" does not necessarily implicate the defendant, and proper limiting instructions are given. "Where a jury must look to other trial evidence to link a defendant to a redacted confession, the Confrontation Clause 'calculus changes' sufficiently to remove the statement from Bruton's protective rule." United States v. Jass, 569 F.3d 47 (2d Cir. 2009).

In this case the government intends call a witness who will testify to a statement made by Joseph Kyle Sanders. There is no reference to a co-Defendant in the statement. The statement merely reflects Sanders' participation in the robbery of the Citizens Bank.

As such, there would be no Bruton violation as the statements do not directly incriminate a co-defendant. Additionally, there will be no signs of obvious alteration or redaction. In fact,

6

there is no portion of either statement the government intends to introduce that requires any redaction. As such, a limiting instruction will be more than adequate to insure the jury weighs each statement properly.

### IV. **TRIAL DOCUMENTS**

    A. **STIPULATIONS**

The United States and the Defendant have not entered into any stipulations.

    B. **PROPOSED JURY INSTRUCTIONS**

The United States respectfully requests that the Court use the Joint Proposed Government and Defense Jury Instructions as filed.

    C. **PROPOSED *VOIR DIRE* QUESTIONS**

The United States respectfully requests that the Court use the Joint Proposed Government and Defense Voir Dire as filed.

    D. **PRELIMINARY STATEMENT**

The United States respectfully requests that the Court use the Joint Proposed Government and Defense preliminary statement as filed.

### IV. **COURTROOM PROCEDURE**

    A. **JENCKS MATERIAL**

The United States will provide *Jencks* material to the defense in a timely manner and in accordance with this Court's Order.

    B. **SEQUESTRATION OF WITNESSES & PRESENCE OF GOVERNMENT AGENT AT TRIAL**

The United States respectfully requests that the Court issue a witness-sequestration order pursuant to Federal Rule of Evidence 615. The government designates Special Agent William Hasty from the Federal Bureau of Investigation as its representative in this case to be present at

counsel table throughout the trial. Special Aent Hasty's presence in the courtroom during trial is essential to the presentation of the government's case. *See* FED. R. EVID. 615(b) (specifically excluding from a sequestration order "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"); FED. R. EVID. 615(c) (providing an additional exception for essential witnesses).

**V.  ESTIMATED LENGTH OF TRIAL**

The United States anticipates completing its case-in-chief in approximately three days.

**IV.  CONCLUSION**

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

Respectfully submitted,
JUSTIN E. HERDMAN
United States Attorney

By:  /s/ Scott Zarzycki_____
Scott Zarzycki (OH: 0072609)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3971
(216) 522-7358 (facsimile)
Scott.Zarzycki@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 3rd of February, 2020, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

    /s/ Scott Zarzycki
    Scott Zarzycki
    Assistant United States Attorney