UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:19 CR 460 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| | ) | |
| I'ZIAH CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant I'Ziah Clark's motion for sentence reduction or transfer to home confinement. (ECF # 111). The United States Attorney interpreted Mr. Clark's motion as a request for compassionate release, and filed a Response in Opposition. (ECF #112).

Once imposed, "the court may not modify a term of imprisonment" except under certain defined standards. 18 U.S.C. §3582(c). The only standard that could fit the circumstances outlined by Mr. Clark is set forth in the First Step Act, 18 U.S.C. §3582(c)(1)(A), otherwise referred to as compassionate release. Inmates may now file a request for compassionate release if they have "extraordinary and compelling reasons" for sentence reduction. Prior to filing such a request with the court, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion."

Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program. Program Statement 1330.18; 28 C.F.R. 542(B), or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." The Sixth Circuit has read this to mean that "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them." *United States v. Alam*, 2020 U.S. App. LEXIS 17321, *7 (6th Cir. June 2, 2020). Mr. Clark does not allege that he ever filed a request with the warden. The administrative exhaustion requirement is a "mandatory condition" that "must be enforced" when the government invokes it. *Id.* at 833-35. As there is no indication that Mr. Clark has exhausted his administrative options, this Court must dismiss this motion.

Further, even if Mr. Clark had exhausted his administrative options, he has not shown that there are extraordinary and compelling reasons that would justify a sentence reduction in this case. He cites his rehabilitative efforts and a release plan that includes immediate employment. Neither circumstance, either alone or in combination, rises to the level of extraordinary and compelling, and neither is consistent with the applicable policy statements issued by the Sentencing Commission. He is, therefore, ineligible for relief under.

To the extent that Mr. Clark is requesting that the remainder of his sentence be served under home confinement, the Court does not have the authority to order the Bureau of Prisons to allow him to serve any part of his actual sentence under home confinement. Where an inmate serves his sentence is ultimately within the BOP's discretion. 18 U.S.C. §3621(b). The BOP is in the best position to make a determination as to the appropriateness of his request based on Mr. Clark's individual circumstances and the availability of resources.

For these reasons, Mr. Clark's Motion for sentence reduction or placement in home confinement is DISMISSED. (ECF #111). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: September 26, 2025